# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID SWEENEY, ) | |
| ) | No. 16 C 10885 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

David Sweeney appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

Plaintiff filed an application for benefits on January 9, 2013, alleging a disability onset date of March 23, 2011. (R. 99.) His application was denied initially on April 17, 2013, and again on reconsideration on December 20, 2013. (R. 107-08.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 9, 2014 and January 21, 2015. (R. 35-85.) On March 26, 2015, the ALJ issued a decision denying plaintiff's application. (R. 16-27.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Aug. 15, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 23, 2011. (R. 18.) At step two, the ALJ found that plaintiff had the severe impairments of "status post right rotator cuff tear and shoulder surgeries, osteoarthritis of the left ankle status post sprain, asthma, and obesity." (*Id.*) At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 19.) At step four, the ALJ found that plaintiff could not perform his past relevant work but had the RFC:

> [T]o lift and/or carry 20 pounds occasionally and 10 pounds frequently using only the left arm or the bilateral arms. With the upper right extremity alone, the claimant can lift less than 10 pounds frequently. In addition, the claimant can sit about 6 hours in an 8 hour workday, stand and/or walk about 6 hours in an 8 hour workday, and he can stand and/or walk continuously for 30 minutes before needing to sit for a couple of minutes, without being off task while standing, walking or sitting. The claimant can occasionally climb ramps and stairs and he can occasionally kneel, but he can never climb ladders, ropes or scaffolds, and he can never crawl. The claimant should avoid reaching above the shoulder with the right dominant arm, and he should avoid concentrated exposure to extreme cold, extreme heat, humidity, and pulmonary irritants.

(R. 19-20, 25.) At step five, the ALJ found that there are jobs in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 25-26.)

The ALJ gave "significant weight" to the statements of plaintiff's treating physician Dr. Fuentes, who determined that plaintiff's "permanent restrictions were 'per [the] functional capacity evaluation' of August 2014." (R. 23.) The August 2014 functional capacity evaluation to which Dr. Fuentes referred states, among other things, that plaintiff can: (1) occasionally lift seventeen pounds and frequently lift ten pounds above his shoulders with both arms and occasionally lift six pounds above his shoulders with only his right arm; (2) can sit for eight hours in one-hour increments in an eight-hour workday; (3) stand for two hours in an eight-hour workday; and (4) walk for two to three hours in twenty-five minute increments during an eight-

hour workday. (R. 1329-37.) The ALJ incorporated the lifting restrictions in the RFC, but she did not incorporate the walking and standing restrictions, which would preclude his performance of light work as contemplated by the RFC. (*See* R. 19 (stating that plaintiff has the RFC to "stand and/or walk about 6 hours in an 8 hour workday")); *see also* Dictionary of Occupational Titles, App'x C, Components of the Definition Trailer, § IV, *available at* http://www.occupationalinfo.org/appendxc_1.html#STRENGTH (last visited Aug. 15, 2017) stating that a job should be rated light work if it "requires walking or standing to a significant degree"). Because the ALJ credited Dr. Fuentes's opinion, plaintiff says her failure to include his walking and standing restriction renders the RFC invalid.

Dr. Fuentes's opinion was not, however, the only one credited by the ALJ. She also gave "significant weight" to the opinions of the agency doctors, who said that plaintiff had the RFC to stand and walk six hours a day. (*See* R. 23, 104, 117.) Apparently, the ALJ did not realize that the three doctors' opinions were not the same in all respects. (*See* R. 23 (crediting the agency doctors' opinions and saying that they were "consistent with Dr. Fuentes' multiple medical source statements").) Having failed to recognize it, the ALJ erroneously failed to resolve the conflict. Accordingly, the case must be remanded for reassessment of the medical opinion evidence with respect to plaintiff's RFC to stand and walk.[2]

---

[2] We are not persuaded by the Commissioner's argument that the ALJ's assessment of Dr. Fuentes's opinion is simply "an hour off," and is otherwise consistent with the evidence. (Def.'s Mem. Supp. Mot. Summ. J., Dkt. 22 at 4.) While the Commissioner posits possible explanations to justify the ALJ's reasoning, none of the offered explanations was articulated by the ALJ, and therefore cannot be basis to affirm the decision. *See SEC v. Cherny*, 318 U.S. 80, 87-88 (1943); *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) ("When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record."). The ALJ's failure to recognize and consider the contradictory medical evidence runs afoul of binding precedent.

Plaintiff also takes issue with the ALJ's credibility determination.[3] Because that determination depends, at least in part, on the ALJ's view of the medical opinion evidence, the credibility issue will have to be revisited on remand as well.

**Conclusion**

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [21], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order. This case is terminated.

**SO ORDERED.**                                   **ENTERED:   September 18, 2017**

**M. David Weisman**
**United States Magistrate Judge**

---

[3] The Court notes that defendant recently issued new guidance for evaluating symptoms in disability claims, which "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).